Brown *vs*. The State of Georgia.

---

NED BROWN, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. Where, pending a difficulty between the defendant and another, a third person interposed betwen them, when the former struck at him with an axe, saying that if he did not get out of the way he would knock his brains out, a verdict finding the defendant guilty of assault with intent to murder is contrary neither to the law nor the evidence, even though the blow did not take effect.

2. The newly discovered evidence being merely cumulative and for the purpose of impeaching witnesses, was no ground for new trial.

Criminal law.    New trial.    Before Judge UNDERWOOD. Polk Superior Court.    February Term, 1875.

Reported in the decision.

ALEXANDER & WRIGHT; IVY F. THOMPSON, for plaintiff in error.

SMITH & BRANHAM; WILLIAM M. SPARKS, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of an assault with intent to murder, and on the trial thereof the jury

found him guilty. A motion was made for a new trial, on the ground that the verdict was contrary to law, and strongly and decidedly against the evidence, which motion the court overruled, and the defendant excepted. After the adjournment of the court, another motion was made for a new trial before Judge UNDERWOOD, on the ground of newly discovered evidence since the adjournment of the court, which was overruled, and the defendant exected.

1. It appears from the evidence in the record that the defendant and one Stripling had a difficulty, when the defendant ran through the house and got an axe, (a common chopaxe.) When defendant made at Stripling. Mercer, the person on whom the assault was made, in order to stop the difficulty, ran between them, and then the defendant struck at Mercer with the axe, saying that if he did not get out of his way he would knock his brains out, but did not hit him with it. The axe with which the assault was committed on the person of Mercer by the defendant, being a weapon likely to produce death, and the assault having been made without any provocation whatever, (Mercer acting as a peace-maker,) the verdict was not contrary to law and the evidence, but in accordance therewith, and there was no error in overruling the defendant's motion for a new trial.

2. In regard to the second motion for a new trial before Judge UNDERWOOD, for newly discovered evidence, after the adjournment of the court, the alleged newly discovered evidence is merely cumulative of that offered at the trial, and going to impeach the credibility of the witnesses who were sworn in behalf of the state, on the trial, and therefore the motion was properly overruled, even if Judge UNDERWOOD had the legal power and authority to have heard the motion after the adjournment of the court, on the statement of facts disclosed by the record, but as no question was raised here in relation to that point in the case we express no opinion in regard to it.

Let the judgment of the court below be affirmed.